IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD PAUL ELLINGTON,<br><br>    Defendant. | CR 17-10-H-CC-01<br>CV 19-38-H-CCL<br><br>ORDER |

Petitioner/Defendant Edward Paul Ellington (Defendant or Mr. Ellington) moves through counsel to vacate, set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 68). This is Mr. Ellington's first § 2255 motion and appears to have been timely filed. He claims that his retained counsel provided ineffective assistance by failing to file a sentencing memorandum, failing to make any objections to specific enhancements in the Presentence Investigative Report (PSR), and by failing to object to the weight of methamphetamine attributed to him in the PSR. (Doc. 69 at 2). Mr. Ellington also claims that new evidence indicates that the government failed to reveal exculpatory information, as required by *Brady v. Maryland*, that draws into question the drug weight attributed to him in the PSR. *Id.*

Defendant claims that his counsel became aware of a possible *Brady* violation on June 7, 2019, shortly before filing the § 2255 motion. (Doc. 69 at 12). This alleged *Brady* violation came to light in September of 2018, when Madison County Sheriff Roger Thompson was charged with official misconduct, evidence tampering, perjury and false swearing. *See* Case Register Report, *State v. Thompson*, DC 29-2018-20 (Mont. Fifth Jud. Dist.) In June of this year, Judge Christensen granted the § 2255 motion of Martin James Walsh based in large part on Sheriff Thompson's "prominent role" in the prosecution of a case brought against Mr. Walsh in the Butte Division of the United States District Court for the District of Montana. *See* Doc. 25, *United States v. Walsh*, CR 17-23-BU-DLC (Jun. 11, 2020).

Although it is not clear to the undersigned that either Sheriff Thompson or the confidential information that the sheriff was allegedly protecting were involved in the prosecution of Mr. Ellington, the Court has determined that the United States must answer Mr. Ellington's claims. Accordingly, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings,

**IT IS HEREBY ORDERED**:

1. On or before **October 20, 2020**, the United States shall file an answer to Mr. Ellington's amended § 2255 motion. The answer shall respond to the

allegations on the merits and shall raise and brief any and all procedural defenses the United States wishes the Court to consider. Defenses not raised will be deemed waived. The United States may file a motion to dismiss if it believes there are procedural grounds for dismissal, but it may not file a motion to dismiss in lieu of an answer.

2. As of the effective date of this Order, counsel Carl B. Jensen's duty of confidentiality to Mr. Ellington is waived for the sole purpose of formal proceedings in this case. Provided Mr. Jensen complies with the terms of this Order, there will be no legal or ethical foundation for any disciplinary or tort complaint against Mr. Jensen for breaching the duty of confidentiality in these proceedings.

3. Either party may depose Mr. Jensen and/or Mr. Ellington and issue subpoenas duces tecum without seeking further leave under Rule 6(a) of the Section 2255 Rules or Fed. R. Civ. P. 30(a)(2)(B). Either party may file additional materials for the Court's consideration pursuant to Rule 7 of the Section 2255 Rules.

4. Any deposition of Mr. Jensen and/or Mr. Ellington and Mr. Ellington's case files, if produced by Mr. Jensen, are deemed confidential. Mr. Jensen may discuss the case with either party only in the presence of counsel for the opposing

party. Materials and information obtained in these proceedings may be used only by Mr. Ellington and the United States Attorney's Office and only for purposes of any formal proceedings incident to litigating the claims presented in Mr. Ellington's § 2255 motion. Disclosure of the material or any information contained therein may not be made to any other person or agency without an Order from this Court.

5. This Order shall continue in effect after the conclusion of the § 2255 proceedings and specifically shall apply in the event of a retrial of all or any portion of Mr. Ellington's criminal case or any trial of any charge against Mr. Ellington in any court.

6. Mr. Ellington may file a reply to the United States' answer on or before **November 10, 2020.**

DATED this 29th day of September, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE