IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>EDWARD PAUL ELLINGTON,<br><br>Defendant/Movant. | Cause Nos. CR 17-10-H-BMM<br>CV 19-38-H-BMM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Edward Paul Ellington's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 68). The United States has filed an answer (Doc. 77) and Ellington a reply (Doc. 85).

Senior United States District Judge Charles C. Lovell presided at trial and sentencing. Judge Lovell retired from the bench on March 25, 2021. *See* Rule 4(a), Rules Governing § 2255 Proceedings.

## I. Background

On June 22, 2017, a grand jury indicted Ellington on one count of conspiracy to possess 500 grams or more of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 846 (Count 1), and one count possessing the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2). Due to the drug quantity alleged, Ellington faced a

1

mandatory minimum penalty of ten years in prison and a maximum of life if convicted on either count. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The alleged crimes occurred between July 2016 and May 2017. *See* (Doc. 1 at 2–3).

The parties reached a plea agreement. Among other things, Ellington agreed to plead guilty to Count 1, and the United States agreed to dismiss Count 2. (Doc. 28 at 2 ¶¶ 2–3). Ellington pled guilty in open court on September 20, 2017. (Doc. 34).

Ellington retained new counsel before sentencing. (Doc. 48 at 1). At sentencing, Judge Lovell found Ellington responsible for more than 1.6 kilograms of methamphetamine. The base offense level was 32. Ellington received two two-point enhancements for possessing a firearm and for using violence and one four-point enhancement for his role as an organizer or leader. He also received a three-point reduction for acceptance of responsibility. His total offense level was 37. *See* (Doc. 61 ¶¶ 37–47; Doc. 63 at 1 § I). With a criminal history category of IV, Doc. 61 at ¶ 65, his advisory guideline range was 292 to 365 months. *Id.* ¶ 107; Statement of Reasons at 1 § III. The sentencing judge ultimately imposed a sentence of 190 months in prison, to be followed by five years of supervised release. (Doc. 62 at 2).

Ellington did not appeal. His conviction became final on June 8, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his motion under 28

U.S.C. § 2255 on June 10, 2019. *See* 28 U.S.C. § 2255(f)(1); Fed. R. Civ. P. 6(a)(1)(B), (C); Fed. R. Crim. P. 45(a)(1)(B), (C).

## II. Claims and Analysis

### A. Counsel's Assistance at Sentencing

Ellington contends that counsel did not perform effectively at sentencing. *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. At this stage of the proceedings, Ellington must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Ellington asserts that counsel unreasonably failed to object to the base offense level or to any enhancements in the guideline calculation. (Doc. 69 at 7–8).

The United States has the burden of producing evidence at sentencing to support upward enhancements, generally by a preponderance of the evidence. *See, e.g.*, *United States v. Grimaldo*, 993 F.3d 1077, __, No. 19-50151, slip op. at 9–10 (9th Cir. Apr. 12, 2021); *United States v. Noster*, 590 F.3d 624, 634–36 (9th Cir. 2009). Once judgment is final, however, the burden shifts. A proceeding under 28 U.S.C. § 2255 is not a device for federal defendants to "explore their case in search

3

of its existence." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1979)). To warrant discovery or an evidentiary hearing, Ellington must allege facts sufficient to support an inference that any competent attorney would have recognized a legal or factual basis for further investigation or for challenging the evidence supporting the enhancements. *See, e.g.*, *United States v. Howard*, 381 F.3d 873, 877–82 (9th Cir. 2004); *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Ellington alleges that counsel "fail[ed] to investigate multiple potential objections" to the presentence report. (Doc. 85 at 4–5). The presentence report sets out the factual basis for the enhancements. (Doc. 61 at ¶¶ 16–32). Ellington alleges no specific facts or law that would undermine any enhancement. Contending, in effect, only that counsel did not file a memorandum or object, Doc. 69 at 6–8, Ellington fails to allege facts showing that counsel had a legitimate objection to make. His allegations do not support an inference that counsel's performance was unreasonable. This claim is denied.

### B. *Brady* Violation

Ellington contends that his case might have been affected by an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 69 at 8–9).

The putative violation arises from a controlled drug transaction, a

subsequent warrant application, and a search conducted by Madison County Sheriff Roger Thompson. Thompson was investigating Martin James Walsh, who supplied methamphetamine to Ellington. (Doc. 69 at 8–9). Thompson's involvement in Walsh's case led United States District Judge Dana L. Christensen to grant Walsh's motion under 28 U.S.C. § 2255. Judge Christensen did not find a *Brady* violation, but he did find that Walsh's trial counsel unreasonably failed to investigate a discrepancy between the sheriff's warrant application and a deputy's report about the controlled transaction. Judge Christensen also found that Walsh was prejudiced by counsel's failure to investigate, because he likely would have discovered evidence damaging to Thompson's credibility, and Thompson was the officer who claimed to have discovered 280 grams of methamphetamine in Walsh's home. *United States v. Walsh*, Cause No. CR-17-23-BU-DLC, Doc. 125 (D. Mont. filed June 11, 2020).

Ellington's case is linked to Walsh's. Ellington fails to show or allege, however, a link between his own case and Sheriff Thompson. Thompson arranged the controlled buy in Madison County in June 2017. Ellington was indicted, convicted, and sentenced for his conduct between July of 2016 and May of 2017 in Broadwater County and Gallatin County. (Doc. 1 at 2–3; Doc. 37 at 14:23–24:11; Doc. 61 at ¶¶ 16–31).

Ellington's allegations fail to support an inference that Thompson played

any role in the investigation of his case. This claim is denied.

### C. Lack of Representation

Ellington presents only two claims. In his reply, however, he emphasizes that he was not represented by counsel when he spoke with law enforcement. (Doc. 85 at 2–3). Ellington does not claim that law enforcement failed to provide a *Miranda* warning or that he was denied access to counsel. He states that he "began cooperating with authorities *without counsel* soon after his girlfriend was interviewed, and ultimately he felt 'coached' during these interviews." *Id*. at 3 (emphasis in original). These facts fail to support an inference that anyone violated Ellington's rights.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate of appealability ("COA") should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ellington's claims meet the relatively low threshold required for a COA. He

merely must allege facts sufficient to support an inference that counsel had a legal or factual basis for challenging one or more of the guideline enhancements that increased his sentence. The alleged involvement by Madison County Sheriff Roger Thompson in the investigation of Ellington's case could have raised issues for counsel to explore. Ellington further alleges that his lack of counsel in his interviews with law enforcement led him to make uninformed choices.

A reasonable jurist could find that Ellington fairly states a claim of substance. A COA is warranted.

Accordingly, **IT IS ORDERED**:

1. Ellington's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 68) is **DENIED**.

2. A certificate of appealability is **GRANTED**.

3. The clerk of shall ensure that all pending motions in this case and in CV 19-38-H-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Ellington.

DATED this 11th day of May, 2021.

_____
Brian Morris, Chief District Judge
United States District Court