# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-17-10-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| EDWARD PAUL ELLINGTON, | |
| Defendant. | |

Defendant Edward Paul Ellington has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docs. 98 & 115.) Ellington is currently serving a sentence of 190 months' incarceration followed by five years' supervision for conspiracy to possess with intent to distribute methamphetamine. (Doc. 62.) Ellington filed his pro Motion for Compassionate Release on January 6, 2022. (Doc. 98.) The Court appointed Ellington counsel in February 2022. (Doc. 100.) The Court granted Ellington an extension of time to file a supplement to his Motion for Compassionate Release. (Doc. 102.)

The Court then granted Ellington's Motion to Stay on March 16, 2022, pending resolution of Ellington's appeal of an order denying his 28 U.S.C. § 2255 petition. *See United States v. Ellington*, No. 21-35544 (9th Cir. filed July 7, 2021);

(Docs. 103 & 106). The Ninth Circuit issued its mandate on August 30, 2022. (Doc. 109.) Ellington, through appointed counsel, filed a Motion for Compassionate Release on April 18, 2023. (Doc. 115.)

Ellington is serving his term of incarceration at USP Atlanta in Atlanta, George. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/, *last accessed* May 24, 2023. Ellington's current projected release date is December 30, 2030. *Id.*

## I.   Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove relevant to Ellington's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* The Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission," when deciding whether to reduce a sentence. *Id.*; § 3582(c)(1)-(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant

2

alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.*

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D. N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347-48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1-5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)-(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4.

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, the removal of BOP's sentinel authority over sentence reduction petitions and the extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

A split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants after the First Step Act's amendments of § 3582(c)(1)(A) first became effective. *See Beck*, 425 F. Supp. 3d at 579. Some courts reiterated § 3582(c)(1)(A)(i)'s requirement that a sentencing reduction must be "consistent" with any "applicable" policy statements. *See id.* Another court determined that, "given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." *United States v. Cantu*, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019). Additionally, "[a]t least twelve" other federal district courts have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions. *United States v. Haynes*, 456 F. Supp. 3d 496, 511-13 (E.D. N.Y. 2020)

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and

5

compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350-52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D. N.C. 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019).

Although the Policy Statement may provide helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *See United States v. Booker*, 543 U.S. 220, 245 (2005); *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Ellington's sentence.

This Court possesses broad discretion to consider all relevant information within the context of a resentencing hearing. Recently, the United States Supreme Court addressed this particular issue. In *Concepcion v. United States,* No. 20- 1650, (June 27, 2022), the U.S. Supreme Court held that federal courts historically have exercised broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person

before them. *Id*. 6–11. That discretion also carries forward to later proceedings that may modify an original sentence. *Id*.

## II. Whether Ellington Has Demonstrated Extraordinary and Compelling Reasons

Ellington must demonstrate that extraordinary and compelling reasons support a reduction of his sentence notwithstanding this Court's determination that it has discretion to provide relief. *United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020). The Court may reduce Ellington's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (i); *see also* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A). The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Ellington requests that the Court release him to home confinement so that he may care for his father. (Doc. 115 at 6.) Ellington asserts that his sixty-eight year-old father suffers from severe heart issues and although Ellington's stepmother resides with his father, she is not healthy enough to provide care. (*Id*.) Ellington informs the Court that his stepmother's health has also deteriorated subsequent to

7

the filing of Ellington's amended motion. (Doc. 118 at 2.) Ellington's stepmother and father now both require assistance. (*Id.*)

Ellington fails to prove, however, that his father is incapacitated and that his stepmother cannot provide the proper level of care. Ellington provides no supporting documentation for these assertions beyond several affidavits provided by Ellington and his counsel. Yet, even taking them at face-value, Ellington fails to justify his early release from custody. Many courts have denied compassionate release in similar cases. *See United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (desire to help care for elderly parents is admirable but does not qualify under the application note); *United States v. Thorpe*, 2019 WL 6119214 (C.D. Ill. Nov. 18, 2019) (grandfather's ill health did not present an extraordinary circumstance). These grounds for early termination are insufficient.

The Court determines that extraordinary and compelling reasons do not exist to warrant Ellington's immediate release.

### III. Section 3553(a) Factors

A court's decision to grant a defendant's motion for compassionate release must also consider the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). As such, any consideration of release now should be balanced against the same § 3553(a) factors, such as deterrence, just punishment, respect for the law,

and avoidance of disparity of sentencings. Those factors do not support Ellington's request for premature, permanent release.

Ellington was considered one of the largest drug distributors in the Gallatin Valley with more than a dozen lower-level distributors. (Doc. 17 at 1.) Ellington was conservatively held responsible for 1628.72 grams of methamphetamine at this time of sentencing and received an enhancement for possession of firearms in connection with his drug trafficking activities. (*Id*. at 3; PSR ¶32.)

Ellington possesses significant criminal history, including multiple domestic violence convictions. (*Id*. at 3.) Because of Ellington's offense conduct and criminal history, he faced a guideline range of 292 to 365 months. (Doc. 66 at 6.) The Court sentenced Ellington to 190 months followed by a period of 5 years supervised release on May 24, 2018. (Doc. 60.) Ellington has served approximately half of his sentence.

Rehabilitation alone cannot be considered an extraordinary and compelling reason to reduce a sentence. A defendant's rehabilitation, however, may be considered by the Court alongside other reasons. *United States v. Willis*, 2023 WL 2625530 (D. Oregon 2023) (citing *United States v. Kanohokula*, 572 F. Supp. 3d 895 (D. Hawaii 2021)). The Court in *Willis* found it appropriate, specific to the 18 U.S.C. §3553 (a) sentencing factors, to weigh the defendant's post-sentencing and post-offense rehabilitation. *Willis*, at *6. In *Willis*, the court considered the defendant's rehabilitation, class and program participation, and exemplary reports,

and graduation from the nonresidential drug treatment program in favor of granting the defendant's motion to reduce his sentence. *Willis*, at *5.

Ellington has demonstrated his commitment to post-sentencing rehabilitation during his term of incarceration. He has successfully participated in numerous programs and education classes, including anger management classes and the Non-Residential Drug Treatment Program. Evidence of Ellington's rehabilitation helps to inform the Court of whether a reduced sentence still affords adequate deterrence and protects the public from future crimes by the defendant. *See Willis*, at *6.

The Court's overall consideration of the 18 U.S.C. § 3553(a) factors concludes that Ellington fails to meet the high burden for immediate compassionate release.

### IV. Conclusion

Considering all the relevant circumstances, Ellington has failed to make a sufficient showing of an extraordinary and compelling circumstance to warrant an immediate release from custody. The Court acknowledges, however, that Ellington has made progress toward rehabilitation throughout the first half of his term of incarceration. The Court will reduce Ellington's sentence to a period of 175 months followed by five years of supervised release.

## ORDER

Accordingly, **IT IS ORDERED** Ellington's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 98, 115) is **DENIED** in part and **GRANTED** in part. Ellington's sentence is reduced to a period of 175 months.

DATED this 1st day of June, 2023.

_____
Brian Morris, Chief District Judge
United States District Court