IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>EDWARD PAUL ELLINGTON,<br><br>        Defendant. | **CR-17-10-H-BMM**<br><br>**ORDER** |

Defendant Edward Paul Ellington ("Ellington") has moved the Court for a sentence "correction" pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 4A1.3. (Doc. 125); *see* (Doc. 120). The Court appointed counsel to assist Ellington in this matter on December 20, 2023. (Doc. 122); *see* (Doc. 121). The Court now will deny Ellington's motion.

Ellington, through counsel, notes that the United States has failed to file a response brief in the required time opposing Ellington's motion. (Doc. 127.) The Court may deem a party's failure to file a response brief within the time set forth in the Local Rules as "an admission that the non-filing party's position lacks merit," and may "subject any motion to summary ruling" accordingly. L.R. 47.2(a)-(b). The

Court declines to grant Ellington's motion on the grounds of L.R. 47.2(b). However, the Court considers Ellington's motion in light of his uncontroverted briefing.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a defendant's sentence if it was "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2) (emphasis added). Since the Court sentenced Ellington, *see* (Doc. 62), the United States Sentencing Commission amended USSG § 4A1.3 four times, by Amendment 805 (effective November 1, 2018), Amendment 817 (effective November 1, 2023), Amendment 821 (effective November 1, 2023), and Amendment 824 (effective November 1, 2023). None of these amendments would lower Ellington's sentencing range. *See, e.g.,* Amendment 821 Part C ("Impact of Simple Possession of Marihuana Offenses"). Ellington argues that the Court miscalculated his criminal history points under § 4A1.1(e)(2) (effective November 1, 1987) and that his criminal history category correspondingly over-represents the risk that Ellington will commit other crimes, citing § 4A1.3(b) (amended effective October 27, 2003). (Doc. 126.) These sections remain unchanged from when the Court sentenced Ellington in 2018 and Ellington fails to identify any sections that have been changed singe his sentencing that would result in a lower sentencing range for Ellington in this matter. *See id.* Section 3582(c)(2) "allows district courts to reconsider a prisoner's sentence based on a new starting point—that is, a lower

Guidelines range—and determine whether a reduction in the prisoner's sentence is appropriate." *Hughes v. United States*, 584 U.S. 675, 686 (2018). Ellington provides no support for the contention that USSG amendments result a "lower Guidelines range," leaving the Court without "a new starting point." *Id.*

Section 3582(c)(2) proves a procedurally improper vehicle for Ellington's claims regarding criminal history calculation. Ellington's arguments as to his criminal history score could have been raised at the time of his sentencing in 2018. The provisions of the USSG *germane to those arguments* have not changed from before his 2018 sentencing hearing. The Court notes that, although the United States filed a sentencing memorandum arguing for a significant sentence in part based on Ellington's "horrible criminal history" and "criminal history score [of] nine" (Doc. 57), Ellington's counsel failed to file any sentencing memorandum prior to Ellington's sentencing. The Court asked Ellington's counsel at sentencing whether the defense objected to the determination that "the criminal history category is IV," to which Ellington's counsel replied, "I believe those are accurate." (Doc. 66 at 6.) Later, Ellington moved to set aside or correct his sentence based on ineffective assistance of counsel and *Brady* violations, but did not challenge the sentence based on incorrect criminal history calculation. (Docs. 68, 69.) Ellington next appealed the Court's denial of that motion. (Doc. 94.) Although the Court declines to decide whether Ellington has waived his criminal history arguments for all purposes,

Ellington could have pursued his criminal history arguments at any of those stages. Section 3582(c)(2) does not offer another bite at the apple for defendants to raise arguments, based on USSG provisions that have not changed, that defendants could have raised during sentencing proceedings or on direct appeal simply because other irrelevant provisions of the USSG have changed.

Congress "expressly cabined district courts' discretion [in sentencing modification proceedings pursuant to U.S.C. § 3582(c)(2)] by requiring courts to abide by the Sentencing Commission's policy statements." *Concepcion v. United States*, 597 U.S. 481, 494-95 (2022). Ellington fails to show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). The Court lacks authority to grant Ellington the relief he seeks under 18 U.S.C. § 3582(c)(2) without such a showing. *Compare* 18 U.S.C. § 3582(c)(1)(A). Accordingly,

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Ellington's Motion (Doc. 125) is **DENIED**.
2. Ellington's Motion (Doc. 120) is **DENIED**.

**DATED** this 2nd day of May, 2024.

_____
Brian Morris, Chief District Judge
United States District Court